**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORDIA**
**FORT PIERCE DIVISION**

| | | |
|---|---|---|
| **JILLIAN RICARD, INDIVIDUALLY** | : | **Civil Action No. 56-2021-CA-001046** |
| **AND ON BEHALF OF ALL OTHERS** | : | **in the Circuit Court of the Nineteenth** |
| **SIMILARLY SITUATED,** | : | **Judicial District in and for St. Lucie** |
| | : | **County** |
| **Plaintiff,** | : | |
| | : | **Judge Laurie E. Buchanan** |
| **v.** | : | |
| | : | |
| **ROB GRAHAM ENTERPRISES, LLC,** | : | |
| | : | |
| **Defendant.** | | |

**DEFENDANT ROB GRAHAM ENTERPRISES, LLC'S NOTICE OF FILING NOTICE OF REMOVAL PAPERS IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA**

Please take notice that Defendant Rob Graham Enterprises, LLC has filed this day

"NOTICE TO CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR

ST. LUCIE COUNTY, FLORIDA OF REMOVAL TO FEDERAL COURT," in the 19th

Judicial Circuit Court of Florida (attached at Exhibit A).

Respectfully submitted,

/s/ Zachary D. Messa
Zachary D. Messa, Esquire
JOHNSON POPE BOKOR RUPPEL &
BURNS, LLP
FBN 0513601
Primary: Zacharym@jpfirm.com
Secondary: janeb@jpfirm.com
911 Chestnut Street
Clearwater, FL 33756
724-461-1818

3783863.2

(727) 441-8617 (fax)
*Attorneys for Defendant*


 /s/ Toby K. Henderson
Toby K. Henderson *Pro Hac Vice Forthcoming*
(Ohio Bar #0071378)
Ilya L. Polyakov *Pro Hac Vice Forthcoming*
(Ohio Bar #0090797)
SEBALY SHILLITO + DYER
A Legal Professional Association
1900 Stratacache Tower
40 North Main Street
Dayton, OH  45423-1013
937/222-2500
937/222-6554 (fax)
thenderson@ssdlaw.com
ipolyakov@ssdlaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served by regular U.S. Mail, postage prepaid and/or email this 24th day of August 2021, to:

Michael Eisenband
EISENBAND LAW, P.A.
515 E Las Olas Blvd, Ste. 120
Fort Lauderdale, FL 33301
meisenband@eisenbandlaw.com
*Attorney for Plaintiff*

Manuel S. Hiraldo, Esq.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
*Attorney for Plaintiff*

Ignacio J. Hiraldo, Esq.
IJH LAW
1200 Brickell Ave., Suite 1950
Miami, FL 33131
IJHiraldo@IJHLaw.com
*Attorney for Plaintiff*

/s/Zachary D. Messa
Zachary Messa, Esquire

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

| | | |
|---|---|---|
| **JILLIAN RICARD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | : : : : | **CASE NO. 2021CA001046** |
| **Plaintiff,** | : : | **Judge Laurie E. Buchanan** |
| **v.** | : : : | **NOTICE TO CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA OF REMOVAL TO FEDERAL COURT** |
| **ROB GRAHAM ENTERPRISES, LLC,** | : : | |
| **Defendant.** | | |

TO:    The Clerk of the Circuit Court and Comptroller of St. Lucie County,
        201 South Indian River Drive
        Fort Pierce, FL 34950

        The Clerk of the Circuit Court and Comptroller of St. Lucie County,
        ATTN: Clerk and Comptroller
        P. O. Box 700
        Fort Pierce, FL 34954

        YOU ARE HEREBY NOTIFIED that the above captioned case has been removed from

this Court to the United States District Court for the Southern District of Florida pursuant to 28

U.S.C. §§ 1331, 1441, 1446, and 1453.  Defendant's removal is performed without submitting to

the jurisdiction of this Court and without waiving any available defenses.  A copy of the Notice

of Removal to the Federal District Court is attached hereto as Exhibit 1.  Pursuant to 28 U.S.C.

§1446(d), removal of the action is effected upon the filing of Defendant's Notice of Removal,

and precludes this Court from further proceedings.



EXHIBIT
A

Respectfully submitted,

/s/ Zachary D. Messa
Zachary D. Messa, Esquire
JOHNSON POPE BOKOR RUPPEL &
BURNS, LLP
FBN 0513601
Primary: Zacharym@jpfirm.com
Secondary: janeb@jpfirm.com
911 Chestnut Street
Clearwater, FL 33756
724-461-1818
(727) 441-8617 (fax)
*Attorneys for Defendant*


/s/ Toby K. Henderson
Toby K. Henderson *Pro Hac Vice Forthcoming*
(Ohio Bar #0071378)
Ilya L. Polyakov *Pro Hac Vice Forthcoming*
(Ohio Bar #0090797)
SEBALY SHILLITO + DYER
A Legal Professional Association
1900 Stratacache Tower
40 North Main Street
Dayton, OH  45423-1013
937/222-2500
937/222-6554 (fax)
thenderson@ssdlaw.com
ipolyakov@ssdlaw.com
*Attorneys for Defendant*

22

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served by regular U.S. Mail, postage prepaid and/or email this 24th day of August 2021, to:

Michael Eisenband
EISENBAND LAW, P.A.
515 E Las Olas Blvd, Ste. 120
Fort Lauderdale, FL 33301
meisenband@eisenbandlaw.com
*Attorney for Plaintiff*

Manuel S. Hiraldo, Esq.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
*Attorney for Plaintiff*

Ignacio J. Hiraldo, Esq.
IJH LAW
1200 Brickell Ave., Suite 1950
Miami, FL 33131
IJHiraldo@IJHLaw.com
*Attorney for Plaintiff*

/s/Zachary D. Messa
Zachary Messa, Esquire

33

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORDIA**
**FORT PIERCE DIVISION**

| | | |
|---|---|---|
| JILLIAN RICARD, INDIVIDUALLY | : | Civil Action No. 56-2021-CA-001046 |
| AND ON BEHALF OF ALL OTHERS | : | in the Circuit Court of the Nineteenth |
| SIMILARLY SITUATED, | : | Judicial District in and for St. Lucie |
| | : | County |
| Plaintiff, | : | |
| | : | Judge Laurie E. Buchanan |
| v. | : | |
| | : | |
| ROB GRAHAM ENTERPRISES, LLC, | : | |
| | : | |
| Defendant. | | |

### NOTICE OF REMOVAL

COMES NOW, Defendant Rob Graham Enterprises, LLC ("Defendant"), and pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1453 removes the above-entitled action from the 19th Judicial Circuit Court of Florida to this Court. In support of this removal, Defendant states as follows:

#### Background

1.      On June 10, 2021 Jillian Ricard, on behalf of herself and all other persons similarly situated, filed a class action complaint in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida against Rob Graham Enterprises, LLC ("RGE") as Case No. 2021CA001046. A copy of the Complaint, Summons, and Return of Service which constitute all process, pleadings, and orders purportedly served on RGE in the State Court Action is attached as Exhibit "A", as required by 28 U.S.C. § 1446(a).

2.      After allegedly attempting service upon RGE's statutory agent, Plaintiff thereafter served



3783862.2

her Complaint upon the Florida Secretary of State on July 30, 2021. (See: Ex. A- Plaintiff's August 4, 2021 Return of Service).

## Venue

3.      Venue is proper in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§1391 and 1441(a), because it encompasses the county in which the State Court Action was originally filed.

## Timely Removal

4.      This Notice of Removal is timely filed, pursuant to 28 U.S.C. 1446(b), because it is filed within thirty days of the allegedly effective service of the initial pleading and summons in the State Court Action.

## Notice to the Plaintiffs and Copies of Pleadings Attached

5.      Concurrently with the filing of this Notice, RGE is serving written notice of removal to counsel for Plaintiff and is filing a copy of this Notice with the Clerk of Courts for the Ninetheenth Judicial Circuit in and for St. Lucie County, Florida, as required by 28 U.S.C. § 1446(d). A copy of the State Court Action docket and available pleadings are attached as Composite Exhibit "B."

## The Parties

6.      Plaintiff alleges she is a citizen and resident of St. Lucie County, Florida and is, therefore, presumed to be a citizen of the State of Florida.

7.      Rob Graham Enterprises, LLC is a limited liability company formed under the laws of the State of Florida.

## Joinder of All Defendants in Removal

8.      Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must consent to removal.  Rob Graham Enterprises, LLC is the only named defendant.

and  consents to removal.

### Basis for Federal Question Jurisdiction

9.      The State Court Action is not a non-removable action as described in 28 U.S.C. §1445.

10.      This matter is removable pursuant to federal question jurisdiction, 28 U.S.C. §1331.

11.      Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12.      Federal question jurisdiction, pursuant to 28 U.S.C. §1331, exists because Plaintiff asserts claims for violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §227, a federal statute. (See: *Mims v. Arrow Fin. Servs.. LLC*, 565 U.S. 368, 385, 132 S.Ct. 740, 181 L.Ed.2d 881 (2012) (Holding federal district courts have concurrent federal-question jurisdiction over private TCPA lawsuits)).

13.      Specifically, Plaintiff alleges that Defendant made "voice calls" (Complaint ¶18) "using a prerecorded voice message" (*Id.*, ¶16) in violation of the TCPA.   As a consequence of "Defendant's calls" to her, Plaintiff alleges her phone became "inoperable for other uses while she was listening" to the recordings. as well as being a purported: "invasion of her privacy, aggravation, annoyance, intrusion on seclusion[, "harassment", and] ... disruption to her daily life" (*Id.*. ¶24)

14.      Plaintiff has thus alleged a sufficient injury to satisfy standing requirements providing for this Court's subject matter jurisdiction. (See: *Drake v. Firstkey Homes, LLC*, 439 F. Supp. 3d 1313, 1320-1322 (N.D.Ga.2020)).

## Basis for CAFA Jurisdiction

15.    Furthermore, this Court has jurisdiction as a class action under 28 U.S.C. §1453(b).

16.    Plaintiff has alleged she is a member of class that "number in the several thousands, if not more" (Complaint ¶26), for which each received "prerecorded calls ... without their prior express consent" (*Id.*, ¶27) in violation of the TCPA.

17.    Plaintiff further alleges "the aggregate damages sustained by the Class are in the millions of dollars" (*Id.*, ¶33) due to statutory damages of "a minimum of $500.00 ... for each violation" (*Id.*, ¶41), which Plaintiff maintains must be "treble[d] ... pursuant to § 227(b)(3) of the TCPA" (*Id.*, ¶42).

18.    Accordingly, the amount in controversy in this matter likely well exceeds the sum of $5,000,000 exclusive of interest and costs.  Plaintiff further alleges her damages "exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees." (Complaint ¶8).  Defendant is therefore entitled to remove this action pursuant to the Class Action Fairness Act and 28 U.S.C. §1453(b.

## Preservation of Rights

19.    By virtue of this Notice of Removal of Action and the Notice filed in the State Court Action, Defendant does not waive its rights to assert any defenses, including but not limited to: service, personal jurisdiction, and venue defenses, the legal sufficiency of the claims alleged in the State Court Action, or any other motions including Rule 12 motions, motions to compel arbitration, or both, as otherwise permitted by the Federal Rules of Civil Procedure.

## Conclusion

WHEREFORE, Defendant Rob Graham Enterprises, LLC removes this action from the Nineteenth Judicial Circuit for St. Lucie County, Florida, to this Court, and requests that this Court

assume full jurisdiction over this case, action, and all causes and defenses herein, as provided by law.

Further, RGE respectfully requests an opportunity to conduct limited discovery and submit additional argument or evidence on the issue of jurisdiction if Plaintiff challenges this Notice of Removal and such discovery or argument becomes necessary.

Respectfully submitted,

/s/ Zachary D. Messa
Zachary D. Messa, Esquire
JOHNSON POPE BOKOR RUPPEL & BURNS, LLP
FBN 0513601
Primary: Zacharym@jpfirm.com
Secondary: janeb@jpfirm.com
911 Chestnut Street
Clearwater, FL 33756
724-461-1818
(727) 441-8617 (fax)
*Attorneys for Defendant*


/s/ Toby K. Henderson
Toby K. Henderson *Pro Hac Vice Forthcoming*
(Ohio Bar #0071378)
Ilya L. Polyakov *Pro Hac Vice Forthcoming*
(Ohio Bar #0090797)
SEBALY SHILLITO + DYER
A Legal Professional Association
1900 Stratacache Tower
40 North Main Street
Dayton, OH  45423-1013
937/222-2500
937/222-6554 (fax)
thenderson@ssdlaw.com
ipolyakov@ssdlaw.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing was served by regular U.S. Mail, postage prepaid and/or email this 24th day of August 2021, to:

Michael Eisenband
EISENBAND LAW, P.A.
515 E Las Olas Blvd, Ste. 120
Fort Lauderdale, FL 33301
meisenband@eisenbandlaw.com
*Attorney for Plaintiff*

Manuel S. Hiraldo, Esq.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
*Attorney for Plaintiff*

Ignacio J. Hiraldo, Esq.
IJH LAW
1200 Brickell Ave., Suite 1950
Miami, FL 33131
IJHiraldo@IJHLaw.com
*Attorney for Plaintiff*

/s/Zachary D. Messa
Zachary Messa, Esquire

Filing # 132013257 E-Filed 08/04/2021 11:42:00 AM

## **RETURN OF SERVICE**

State of Florida                    County of St. Lucie                    Circuit Court

Case Number: 56-2021-CA-001046-AXXXHC

Plaintiff:
**JILLIAN RICARD INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED**

vs.

Defendant:
**ROB GRAHAM ENTERPRICES LLC DBA 100 INSURE**

For:
Michael Eisenband
Eisenband Law, P.A.
515 E Las Olas Blvd
Suite 120
Fort Lauderdale, FL 33301

Received by L & L PROCESS on the 29th day of July, 2021 at 9:01 am to be served on **ROB GRAHAM ENTERPRISES LLC D/B/A 100 INSURE C/O FLORIDA SECRETARY OF STATE, 2415 N. MONROE STREET, SUITE 810, TALLAHASSEE, FL 32303**.

I, SABRITA THURMAN-NEWBY, do hereby affirm that on the **30th day of July, 2021 at 12:07 pm, I:**

**SECRETARY OF STATE:** by delivering a true copy of the **Alias Summons, Class Action Complaint, First Request for Production and Notice of Service of Standard Interrogatories, Cover letter to Sec of State, Non-serve Affidavit of Diligent Attempts and $8.75 CHECK#30866 Fee for Sec of State** with the date and hour of service endorsed thereon by me, to: MARGARET FREEMAN of the State of Florida, as the designated agent to accept service of process for and on behalf of the within name defendant: **ROB GRAHAM ENTERPRISES LLC D/B/A 100 INSURE C/O FLORIDA SECRETARY OF STATE C/O FLORIDA SECRETARY OF STATE PER F.S. 48.161**at 2415 N. MONROE STREET, SUITE 810, TALLAHASSEE, FL 32303 and at the same time delivering into the hand of said Secretary of State in his above mentioned official capacity the sum of $8.75 as provided by FS 48.161.

**Description** of Person Served: Age: 55+, Sex: F, Race/Skin Color: BLACK, Height: 5'7", Weight: 180, Hair: BLACK, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**SABRITA THURMAN-NEWBY**
Certified Process Server #236

**L & L PROCESS
13876 S.W. 56 STREET
SUITE 200
MIAMI, FL 33175-6021
(305) 772-8804**

Our Job Serial Number: LLP-2021002493
Ref: 2021002493

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b



# EISENBAND
## LAW, P.A.

Date: 7/30/21  Time: 12:07 P
In certified process server in the
Circuit and County Courts in and for the
Second Judicial Circuit

515 E Las Olas Boulevard, Suite 120, Fort Lauderdale, Florida 33301
MEisenband@EisenbandLaw.com | Office: 954.533.4092

---

July 28, 2021

Hon. Laurel M. Lee
Florida Secretary of State
Florida Department of State
Division of Corporations
R.A. Gray Building
500 S Bronough St
Tallahassee, FL 32399

RE:   Service of Process for Civil Summons
Defendant: Rob Graham Enterprises LLC d/b/a 100 Insure
Court: Nineteenth Judicial Circuit in and for St. Lucie County, Florida
Case Number: 2021-CA-001046

Dear Mr. Secretary:

This cover letter is accompanied by a Civil Summons and a copy of a Complaint filed against the above-named Defendant, Rob Graham Enterprises LLC d/b/a 100 Insure, an active Florida corporation. These documents are being served upon you pursuant to §48.062 (3), Florida Statutes. We have tried multiple times and have been unable to serve the Registered Agent, or corporation or any of its members.

Should Your Honor's staff have any questions I may be reached at 954-533-4092.

Sincerely,
*Michael Eisenband, Esq*

Enclosures

Michael Eisenband,
Esquire FOR THE FIRM

Filing # 131513090 E-Filed 07/27/2021 03:53:10 PM

## RETURN OF NON-SERVICE

State of Florida                    County of St. Lucie                    Circuit Court

Case Number: 56-2021-CA-001046-AXXXHC

Plaintiff: **JILLIAN RICARD INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
vs.
Defendant: **ROB GRAHAM ENTERPRICES LLC DBA 100 INSURE**

For:
Michael Eisenband
Eisenband Law, P.A.
515 E Las Olas Blvd
Suite 120
Fort Lauderdale, FL 33301

Received by L & L Process, LLC. on the 11th day of June, 2021 at 11:41 am to be served on **ROB GRAHAM ENTERPRISES DBA 100 INSURE REGISTERED AGENT DOUGLAS K WINSLOW, 5408 PALI WAY ST, ST PETE BEACH, FL 33706.**

I, Derek Kronschnabl, do hereby affirm that on the **27th day of July, 2021** at **8:00 am, I:**

**NON-SERVED** the Summons, Class Action Complaint, First Request for Production and Notice of Service of Standard Interrogatories for the reason that I failed to find **ROB GRAHAM ENTERPRISES DBA 100 INSURE REGISTERED AGENT DOUGLAS K WINSLOW** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
6/14/2021 3:00 pm 5408 PALI WAY ST, ST PETE BEACH, FL 33706 - Affiant attempted service at the address provided and found a single family residence. This residence is in full remodel inside and out fenced in.
6/21/2021 3:00 pm Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant attempted service at the address provided and found Camden Pier District luxury Apartments. Leasing staff stated they have Graham leasing unit 1806 and a different name in unit 305. You need a key card to go to each floor so after hours is not possible even if you get let in the door. Affiant found no response at both units
6/23/2021 10:00 am Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant attempted unit 305 and spoke to an Asian family who just moved in a year ago. They never got mail with RA's name or the subject entity. Affiant attempted unit 1806 and found no response with a package at the door made out to Cindy Graham. Affiant spoke to different leasing staff member this time who checked there system deeper. Staff advised Douglas K. Winslow was never on a lease past or present. If he was or is here it is illegally and leasing is unaware.
7/14/2021 5:00 pm Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant attempted service and found no response with another package at the door for Cindy Graham. New security staff there after hours to let me in
7/15/2021 7:10 pm Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant found package gone and no response. Affiant can't see anything but a door in the hallway.
7/19/2021 8:18 pm Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant found no response. Security states there home. they are just not answering the door
7/21/2021 6:18 pm Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant found no response. Security states there home again. The subjects residing are clearly evading. Parking garage no marked parking for this high rise condo tower. The unit is the at the top 18th floor.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

Derek Kronschnabl
Process Server #APS59230

L & L Process, LLC.
13876 SW 56 Street
Suite 200
Miami, FL 33175
(305) 772-8804

Our Job Serial Number: LLP-2021001967

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

Filing # 131496717 E-Filed 07/27/2021 02:22:17 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL ACTION

**Plaintiff,**

JILLIAN RICARD _____ /

CASE NO.  2021-CA-001046

VS.

**Defendant.**

ROB GRAHAM ENTERPRISES LLC _____ /
D/B/A 100 INSURE

ALIAS SUMMONS:

STATE OF FLORIDA:               TO DEFENDANT(S)   ROB GRAHAM ENTERPRISES LLC _____
D/B/A 100 INSURE _____
C/O Secretary of State _____
p.o. box 6327, Tallahassee, FL 32314 _____

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades , o privado de sus derechos, sin previo, aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un Simple coup de telephone est insuffisant pour vous protegar. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre responses ecrite dans le relai requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur duTribunal. Il y a d'autres obligations juridiques et vous pourez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une response ecrite, il vous Faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme  ci-dessous.

Ignacio Hiraldo, Esq., IJH Law _____

**Plaintiff/Plaintiff's Attorney**

1200 Brickell Ave, Ste 1950 _____

Miami, FL 33131 (786-496-4469) _____

**(Address)**

NOTICE: ANY PERSON WITH A DISABILITY
REQUIRING REASONABLE ACCOMMODATION
SHOULD CALL 1-772-807-4370(VOICE)
1-800-955-8771 (TDD)  NOT LATER
THAN SEVEN DAYS PRIOR TO THE PROCEEDINGS.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

DATED on ___ JULY __ 27 __ . 20 _ 21 ___

(Seal)

Michelle R. Miller
Clerk & Comptroller, St. Lucie County

By _____

as Deputy Clerk

Filing # 131496717 E-Filed 07/27/2021 02:22:17 PM

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## OF FLORIDA, IN AND FOR ST. LUCIE COUNTY, FLORIDA
### CIVIL ACTION

**Plaintiff,**

JILLIAN RICARD _____ /

CASE NO. 2021-CA-001046

VS.

**Defendant.**

ROB GRAHAM ENTERPRISES LLC _____ /
D/B/A 100 INSURE

ALIAS SUMMONS:

STATE OF FLORIDA:                    TO DEFENDANT(S)    ROB GRAHAM ENTERPRISES LLC
                                                        D/B/A 100 INSURE
                                                        C/O Secretary of State
                                                        p.o. box 6327, Tallahassee, FL 32314

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades , o privado de sus derechos, sin previo, aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation do cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un Simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre responses ecrite dans le relai requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur duTribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une response ecrite, il vous Faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Ignacio Hiraldo, Esq., IJH Law
_____
**Plaintiff/Plaintiff's Attorney**
1200 Brickell Ave, Ste 1950
_____
Miami, FL 33131 (786-496-4469)
_____
**(Address)**

NOTICE: ANY PERSON WITH A DISABILITY
REQUIRING REASONABLE ACCOMMODATION
SHOULD CALL 1-772-807-4370(VOICE)
1-800-955-8771 (TDD)   NOT LATER
THAN SEVEN DAYS PRIOR TO THE PROCEEDINGS.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint In this lawsuit on the above-named Defendant.

DATED on _____ , 20 _____

Michelle R. Miller
Clerk & Comptroller, St. Lucie County

(Seal)                    By _____
                              as Deputy Clerk

Filing # 128485150 E-Filed 06/10/2021 11:22:42 AM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR ST. LUCIE COUNTY, FLORIDA

**Plaintiff,**                                                   CIVIL ACTION

Jillian Ricard, individually and on behalf of  /

CASE NO.   562021CA001046AXXXHC

VS.                                                              Judge Laurie E Buchanan

**Defendant.**

ROB GRAHAM ENTERPRISES, LLC      /

### SUMMONS:

STATE OF FLORIDA:                     TO DEFENDANT(S)      Rob Graham Enterprises d/b/a 100 insure

through its Registered Agent

Winslow, Douglas K at the address of

5408 Pali Way, St. Pete Beach, FL 33706

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades , o privado de sus derechos, sin previo, aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un Simple coup de telephone est insuffisant pouour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre responses ecrite dans le relai requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur duTribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une response ecrite, il vous Faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Ignacio Hiraldo, Esq, IJH Law

**Plaintiff/Plaintiff's Attorney**                    NOTICE: ANY PERSON WITH A DISABILITY
1200 Brickell Ave, Ste 1950                          REQUIRING REASONABLE ACCOMMODATION
                                                     SHOULD CALL *1-772-807-4370*(VOICE)
Miami, FL 33131 (786-496-4469)                       1-800-955-8771 (TDD)  NOT LATER
**(Address)**                                        THAN SEVEN DAYS PRIOR TO THE PROCEEDINGS.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint In this lawsuit on the above-named Defendant.

DATED on    JUNE 10    , 20 21          Michelle R. Miller
                                        Clerk & Comptroller, St. Lucie County

        (Seal)                          By _____
                                              as Deputy Clerk

Filing # 128485150 E-Filed 06/10/2021 11:22:42 AM

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUITIN
## AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO   562021CA001046AXXXHC
Judge Laurie E Buchanan

JILLIAN RICARD, INDIVIDUALLY
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

**CLASS REPRESENTATION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

ROB GRAHAM ENTERPRISES, LLC
D/B/A 100 INSURE,

Defendant.

_____/

### CLASS ACTION COMPLAINT

Plaintiff Jillian Ricard brings this class action against Defendant Rob Graham Enterprises, LLC d/b/a 100 Insure, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.      This is a putative class action under the 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2.      Defendant markets itself as "help[ing] people understand the ins and outs of Medicare. More importantly, we help people just like you discover incredible benefits they are eligible for but not receiving."[1]

3.      Defendant offers insurance quotes and sells insurance to consumers.[2]

_____
[1] 100insure.com/about-us/
[2] 100insure.com

1

4.      To promote its business, Defendant sends prerecorded voice messages to the cellular telephones of consumers without consent to do so.

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

6.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen of St. Lucie County, Florida.

7.      Defendant is, and at all times relevant hereto was, a Florida corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and is headquartered in St. Petersburg, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

### JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9.      Defendant is subject to general jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State and Defendant is a Florida Limited Liability Company.

10.     Venue for this action is proper in this Court because Plaintiff resides and received the Prerecorded Message in St. Lucie County, Florida.

### THE TELEPHONE CONSUMER PROTECTION ACT

2

11.     The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12.     The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## FACTS

16.     On or about May 26, 2021, Defendant called Plaintiff's cellular telephone number ending in 5773 (the "5773 Number") using a prerecorded voice message.

17.     When Plaintiff listened to the prerecorded message, she was easily able to determine that it was prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a

clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live humanbeing, or is instead being subjected to a prerecorded message.").

18.     Defendant's prerecorded voice calls constitutes telemarketing because the purpose of the messages was to encourage Plaintiff to obtain insurance through Defendant.

19.     Specifically, the prerecorded messages stated "Hey this is Martin with 100 Insure. I'm calling because you qualify for a Medicare benefits review. You're able to get additional coverage like dental, money for groceries and vitamins, plus other benefits you may qualify for but aren't getting yet. Please call me back anytime, Monday through Friday, 8 to 8 Eastern Time…"

20.     Plaintiff received the prerecorded message from the telephone number 727-387-0734 which upon information and belief is owned and or operated by or on behalf of Defendant.

21.     Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

22.     Plaintiff never gave Defendant her prior express written consent to call her on her cellular telephone utilizing a prerecorded voice message.

23.     Plaintiff is the sole user and/or subscriber of the 5390 Number.

24.     Defendant's unsolicited call caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to her daily life. Defendant's call rendered Plaintiff's cellular telephone inoperable for other uses while she was listening to Defendant's unsolicited message.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25.     Plaintiff brings this lawsuit as a class action on behalf of herself individually and

4

on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, promoting and/or advertising Defendant's goods and/or services.**

26.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

27.     Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

29.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for

5

damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

30.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

31.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

32.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

33.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For

6

example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
*Individually and on behalf of the Class*

35.     Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

36.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party..." 47 U.S.C. § 227(b)(1)(B).

37.     Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

38.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

39.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

40.     Defendant knew that it did not have prior express consent to make these calls and

knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

41.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

42.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, pray for the following relief:

a.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.  An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

c.  An award of actual and statutory damages; and

d.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the

communication or transmittal of the calls as alleged herein.

DATED: June 10, 2021

Respectfully submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**EISENBAND LAW, P.A.**
/s/*Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E Las Olas Blvd, Ste. 120
Fort Lauderdale, FL 33301
Email: meisenband@eisenbandlaw.com
Telephone:954-533-4092

**IJH LAW**
/s/ *Ignacio J. Hiraldo*
Ignacio J. Hiraldo, Esq.
Florida Bar No. 0056031
1200 Brickell Ave. Suite 1950
Miami, FL 33131
IJHiraldo@IJHLaw.com
Telephone: 786-496-4469

**2021CA001046 - RICARD, JILLIAN vs. ROB GRAHAM ENTERPRISES LLC**

| SUMMARY | | | | |
|---|---|---|---|---|
| | Judge: BUCHANAN, LAURIE E | Case Type: OTHER COMPLAINT | Status: OPEN | |
| | Case Number: 2021CA001046 | Uniform Case Number: 562021CA001046AXXXHC | | |
| | Clerk File Date: 6/10/2021 | Status Date: 6/10/2021 | | |
| | SAO Case Number: | Total Fees Due: 0.00 | | |
| | Agency: | Agency Report #: | Custody Location: | |

| PARTIES | | | |
|---|---|---|---|
| TYPE | PARTY NAME | | ATTORNEY |
| PLAINTIFF | RICARD, JILLIAN | | EISENBAND, MICHAEL L (Main Attorney) |
| PLAINTIFF | RICARD, JILLIAN | | HIRALDO, MANUEL SANTIAGO |
| DEFENDANT | ROB GRAHAM ENTERPRISES LLC | | |

| EVENTS | | | | |
|---|---|---|---|---|
| DATE | EVENT | JUDGE | LOCATION | RESULT |
| | | | No Events on Case | |

| CASE HISTORY | | | | | | |
|---|---|---|---|---|---|---|
| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING AMOUNT | NEXT EVENT | ALERTS |
| | | | No Additional Cases | | | |

| CASE DOCKETS | | | |
|---|---|---|---|
| IMAGE | DIN | DATE | ENTRY |
| 📄 2 | 18 | 8/4/2021 | SUMMONS RETURNED SERVED ( V ) |
| | 17 | 7/28/2021 | "RECIPIENTS: EISENBAND, MICHAEL L - SUBJECT: SERVICE OF COURT DOCUMENT - 2021CA001046, RICARD, JILLIAN VS. ROB GRAHAM ENTERPRISES LLC - ATTACHMENT COUNT: 1 - EMAIL DOCKET DESCRIPTIONS: SUMI-7/27/2021" |
| 📄 1 | 16 | 7/27/2021 | SUMMONS RETURNED UNEXECUTED ( V ) |
| | 14 | 7/27/2021 | "RECIPIENTS: HIRALDO, MANUEL SANTIAGO - SUBJECT: SERVICE OF COURT DOCUMENT - 2021CA001046, RICARD, JILLIAN VS. ROB GRAHAM ENTERPRISES LLC - ATTACHMENT COUNT: 1 - EMAIL DOCKET DESCRIPTIONS: SUMI-7/27/2021" |
| 📄 1 | 13 | 7/27/2021 | SUMMONS ISSUED ( V ) |
| 📄 1 | 12 | 7/27/2021 | ALIAS OR PLURIES SUMMONS TO BE ISSUED |
| | 15 | 7/27/2021 | PAYMENT $10.00 RECEIPT #2021000058934 RECEIVED FOR FILING NUMBER 131496717 VIA FILINGPAYMENTS20210727235959.TXT. |
| | 10 | 6/10/2021 | "RECIPIENTS: HIRALDO, MANUEL SANTIAGO; EISENBAND, MICHAEL L - SUBJECT: SERVICE OF COURT DOCUMENT - 2021CA001046, RICARD, JILLIAN VS. ROB GRAHAM ENTERPRISES, LLC D/B/A 100 INSURE - ATTACHMENT COUNT: 1 - EMAIL DOCKET DESCRIPTIONS: SUMI-6/10/2021" |
| 📄 1 | 9 | 6/10/2021 | SUMMONS ISSUED |
| | 8 | 6/10/2021 | CIRCUIT JUDGE BUCHANAN, LAURIE E: ASSIGNED |
| 📄 11 | 7 | 6/10/2021 | NOTICE SERVING INTERROGATORIES |
| 📄 6 | 6 | 6/10/2021 | REQUEST TO PRODUCE |
| 📄 9 | 5 | 6/10/2021 | COMPLAINT |
| 📄 1 | 4 | 6/10/2021 | SUMMONS TO BE ISSUED BY CLERK |
| 📄 3 | 3 | 6/10/2021 | CIVIL COVER SHEET |
| | 2 | 6/10/2021 | PLAINTIFF ATTORNEY: EISENBAND, MICHAEL L ASSIGNED |
| | 1 | 6/10/2021 | CASE FILED 06/10/2021 CASE NUMBER 2021CA001046 |
| | 11 | 6/10/2021 | PAYMENT $410.00 RECEIPT #2021000046407 RECEIVED FOR FILING NUMBER 128485150 VIA FILINGPAYMENTS20210610235959.TXT. |


EXHIBIT

Filing # 132013257 E-Filed 08/04/2021 11:42:00 AM

## RETURN OF SERVICE

| State of Florida | County of St. Lucie | Circuit Court |
|---|---|---|

Case Number: 56-2021-CA-001046-AXXXHC

Plaintiff:
JILLIAN RICARD INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

vs.

Defendant:
ROB GRAHAM ENTERPRICES LLC DBA 100 INSURE

For:
Michael Eisenband
Eisenband Law, P.A.
515 E Las Olas Blvd
Suite 120
Fort Lauderdale, FL 33301

Received by L & L PROCESS on the 29th day of July, 2021 at 9:01 am to be served on ROB GRAHAM
ENTERPRISES LLC D/B/A 100 INSURE C/O FLORIDA SECRETARY OF STATE, 2415 N. MONROE STREET,
SUITE 810, TALLAHASSEE, FL 32303.

I, SABRITA THURMAN-NEWBY, do hereby affirm that on the 30th day of July, 2021 at 12:07 pm, I:

SECRETARY OF STATE: by delivering a true copy of the Alias Summons, Class Action Complaint, First
Request for Production and Notice of Service of Standard Interrogatories, Cover letter to Sec of State, Non-
serve Affidavit of Diligent Attempts and $8.75 CHECK#30866 Fee for Sec of State with the date and hour of
service endorsed thereon by me, to: MARGARET FREEMAN of the State of Florida, as the designated agent to
accept service of process for and on behalf of the within name defendant: ROB GRAHAM ENTERPRISES LLC
D/B/A 100 INSURE C/O FLORIDA SECRETARY OF STATE C/O FLORIDA SECRETARY OF STATE PER F.S.
48.161at 2415 N. MONROE STREET, SUITE 810, TALLAHASSEE, FL 32303 and at the same time delivering into
the hand of said Secretary of State in his above mentioned official capacity the sum of $8.75 as provided by FS
48.161.

Description of Person Served: Age: 55+, Sex: F, Race/Skin Color: BLACK, Height: 5'7", Weight: 180, Hair: BLACK,
Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the
facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525
(2).

SABRITA THURMAN-NEWBY
Certified Process Server #236

L & L PROCESS
13876 S.W. 56 STREET
SUITE 200
MIAMI, FL 33175-6021
(305) 772-8804

Our Job Serial Number: LLP-2021002493
Ref: 2021002493

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

# EISENBAND
## LAW, P.A.

515 E Las Olas Boulevard, Suite 120, Fort Lauderdale, Florida 33301
MEisenband@EisenbandLaw.com | Office: 954.533.4092|

---

July 28, 2021

Hon. Laurel M. Lee
Florida Secretary of State
Florida Department of State
Division of Corporations
R.A. Gray Building
500 S Bronough St
Tallahassee, FL 32399

> **RE:**   Service of Process for Civil Summons
> Defendant: Rob Graham Enterprises LLC d/b/a 100 Insure
> Court: Nineteenth Judicial Circuit in and for St. Lucie County, Florida
> Case Number: 2021-CA-001046

Dear Mr. Secretary:

This cover letter is accompanied by a Civil Summons and a copy of a Complaint filed against the above-named Defendant, Rob Graham Enterprises LLC d/b/a 100 Insure, an active Florida corporation. These documents are being served upon you pursuant to §48.062 (3), Florida Statutes. We have tried multiple times and have been unable to serve the Registered Agent, or corporation or any of its members.

Should Your Honor's staff have any questions I may be reached at 954-533-4092

Sincerely,
*Michael Eisenband, Esq*

Enclosures

Michael Eisenband,
Esquire FOR THE FIRM

Filing # 131513090 E-Filed 07/27/2021 03:53:10 PM

## RETURN OF NON-SERVICE

**State of Florida**                 **County of St. Lucie**                 **Circuit Court**

Case Number: 56-2021-CA-001046-AXXXHC

Plaintiff: **JILLIAN RICARD INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**
vs.
Defendant: **ROB GRAHAM ENTERPRICES LLC DBA 100 INSURE**

For:
Michael Eisenband
Eisenband Law, P.A.
515 E Las Olas Blvd
Suite 120
Fort Lauderdale, FL 33301

Received by L & L Process, LLC. on the 11th day of June, 2021 at 11:41 am to be served on **ROB GRAHAM ENTERPRISES DBA 100 INSURE REGISTERED AGENT DOUGLAS K WINSLOW, 5408 PALI WAY ST, ST PETE BEACH, FL 33706.**

I, Derek Kronschnabl, do hereby affirm that on the **27th day of July, 2021 at 8:00 am, I:**

**NON-SERVED** the Summons, Class Action Complaint, First Request for Production and Notice of Service of Standard Interrogatories for the reason that I failed to find **ROB GRAHAM ENTERPRISES DBA 100 INSURE REGISTERED AGENT DOUGLAS K WINSLOW** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
6/14/2021  3:00 pm  5408 PALI WAY ST, ST PETE BEACH, FL 33706 - Affiant attempted service at the address provided and found a single family residence. This residence is in full remodel inside and out fenced in.
6/21/2021  3:00 pm  Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant attempted service at the address provided and found Camden Pier District luxury Apartments. Leasing staff stated they have Graham leasing unit 1806 and a different name in unit 305. You need a key card to go to each floor so after hours is not possible even if you get let in the door. Affiant found no response at both units
6/23/2021  10:00 am  Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant attempted unit 305 and spoke to an Asian family who just moved in a year ago. They never got mail with RA's name or the subject entity. Affiant attempted unit 1806 and found no response with a package at the door made out to Cindy Graham. Affiant spoke to different leasing staff member this time who checked there system deeper. Staff advised Douglas K. Winslow was never on a lease past or present. If he was or is here it is illegally and leasing is unaware.
7/14/2021  5:00 pm  Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant attempted service and found no response with another package at the door for Cindy Graham. New security staff there after hours to let me in
7/15/2021  7:10 pm  Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant found package gone and no response. Affiant can't see anything but a door in the hallway.
7/19/2021  8:18 pm  Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant found no response. Security states there home. they are just not answering the door
7/21/2021  6:18 pm  Attempted Service. 330 3RD ST S UNIT 1806 or 305, ST PETE BEACH, FL 33701. Affiant found no response. Security states there home again. The subjects residing are clearly evading. Parking garage no marked parking for this high rise condo tower. The unit is the at the top 18th floor.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

Derek Kronschnabl
Process Server #APS59230

**L & L Process, LLC.**
**13876 SW 56 Street**
**Suite 200**
**Miami, FL 33175**
**(305) 772-8804**

Our Job Serial Number: LLP-2021001967

Filing # 131496717 E-Filed 07/27/2021 02:22:17 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL ACTION

**Plaintiff,**

JILLIAN RICARD

CASE NO.   2021-CA-001046

VS.

**Defendant.**

ROB GRAHAM ENTERPRISES LLC

D/B/A 100 INSURE

ALIAS SUMMONS:

STATE OF FLORIDA:                    TO DEFENDANT(S)    ROB GRAHAM ENTERPRISES LLC

D/B/A 100 INSURE

C/O Secretary of State

p.o. box 6327, Tallahassee, FL 32314

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, pare contestar la demanda adjunta, por escrito, y presentarla ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades , o privado de sus derechos, sin previo, aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un Simple coup de telephone est insuffisant pouour vous protegar. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre responses ecrite dans le relai requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur duTribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire) de telephone).

Si vous choisissez de deposer vous-memo une response ecrite, il vous Faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Ignacio Hiraldo, Esq., IJH Law

Plaintiff/Plaintiff's Attorney

1200 Brickell Ave, Ste 1950

Miami, FL 33131 (786-496-4469)

(Address)

THE STATE OF FLORIDA

NOTICE: ANY PERSON WITH A DISABILITY REQUIRING REASONABLE ACCOMMODATION SHOULD CALL 1-772-807-4370 (VOICE) 1-800-955-8771 (TDD)   NOT LATER THAN SEVEN DAYS PRIOR TO THE PROCEEDINGS.

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

DATED on     JULY   27 , 20  21

Michelle R. Miller
Clerk & Comptroller, St. Lucie County

By

(Seal)                                                    as Deputy Clerk

Filing # 131496717 E-Filed 07/27/2021 02:22:17 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR ST. LUCIE COUNTY, FLORIDA

**Plaintiff,**

CIVIL ACTION

JILLIAN RICARD _____ /

CASE NO.  2021-CA-001046

VS.

**Defendant.**

ROB GRAHAM ENTERPRISES LLC _____ /
D/B/A 100 INSURE

ALIAS SUMMONS:

STATE OF FLORIDA:

TO DEFENDANT(S)  ROB GRAHAM ENTERPRISES LLC
D/B/A 100 INSURE
C/O Secretary of State
p.o. box 6327, Tallahassee, FL 32314

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, pare contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades , o privado de sus derechos, sin previo, aviso del triounal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation do cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un Simple coup de telephone est insuffisant pour vous protegar. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre responses ecrite dans le relai requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur duTribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire) de telephones).

Si vous choisissez de deposer vous-memo une response ecrite, il vous Faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney' (Plaignant ou a son avocat) nomme ci-dessous.

Ignacio Hiraldo, Esq., IJH Law

**Plaintiff/Plaintiff's Attorney**

1200 Brickell Ave, Ste 1950

Miami, FL 33131 (786-496-4469)

**(Address)**

NOTICE: ANY PERSON WITH A DISABILITY REQUIRING REASONABLE ACCOMMODATION SHOULD CALL *1-772-807-4370* (VOICE) 1-800-955-8771 (TDD) NOT LATER THAN SEVEN DAYS PRIOR TO THE PROCEEDINGS.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

DATED on _____ , 20_____

Michelle R. Miller
Clerk & Comptroller, St. Lucie County

(Seal)

By _____
as Deputy Clerk

Filing # 128485150 E-Filed 06/10/2021 11:22:42 AM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR ST. LUCIE COUNTY, FLORIDA
CIVIL ACTION

Plaintiff,

Jillian Ricard, individually and on behalf of ✒

VS.

CASE NO.   562021CA001046AXXXHC

Judge Laurie E Buchanan

Defendant.

ROB GRAHAM ENTERPRISES, LLC ✒

## SUMMONS:

STATE OF FLORIDA:

TO DEFENDANT(S)   Rob Graham Enterprises d/b/a 100 insure
through its Registered Agent
Winslow, Douglas K at the address of
5408 Pali Way, St. Pete Beach, FL 33706

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, pare contestar la demanda adjunta, por escrito, y presentaria ante esta tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades , o privado de sus derechos, sin previo, aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce  a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation do cette citation pour deposer une response ecrite a la plainta ci-jointe aupres de ce Tribunal. Un Simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre responses ecrite dans le relai requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur duTribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une response ecrite, il vous Faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney' (Plaignant ou a son avocat) nomme  ci-dessous.

Ignacio Hiraldo, Esq, IJH Law

Plaintiff/Plaintiff's Attorney

1200 Brickell Ave, Ste 1950

Miami, FL 33131 (786-496-4469)

(Address)

NOTICE: ANY PERSON WITH A DISABILITY
REQUIRING REASONABLE ACCOMMODATION
SHOULD CALL *1-772-807-4370*(VOICE)
1-800-955-8771 (TDD)   NOT LATER
THAN SEVEN DAYS PRIOR TO THE PROCEEDINGS.

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

DATED on ___ JUNE 10 ___. 20 __ 21 __

(Seal)

Michelle R. Miller
Clerk & Comptroller, St. Lucie County

By _Jane Johnson_

as Deputy Clerk

Filing # 128485150 E-Filed 06/10/2021 11:22:42 AM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUITIN
AND FOR ST. LUCIE COUNTY, FLORIDA

<table>
<tr><td></td><td>CASE NO</td><td>562021CA001046AXXXHC<br>Judge Laurie E Buchanan</td></tr>
<tr><td>JILLIAN RICARD, INDIVIDUALLY<br>AND ON BEHALF OF ALL<br>OTHERS SIMILARLY SITUATED,</td><td></td><td>**CLASS REPRESENTATION**</td></tr>
<tr><td>Plaintiff,</td><td></td><td>**JURY TRIAL DEMANDED**</td></tr>
<tr><td>v.</td><td></td><td></td></tr>
<tr><td>ROB GRAHAM ENTERPRISES, LLC<br>D/B/A 100 INSURE,</td><td></td><td></td></tr>
<tr><td>Defendant.</td><td></td><td></td></tr>
</table>

_____/

## CLASS ACTION COMPLAINT

Plaintiff Jillian Ricard brings this class action against Defendant Rob Graham Enterprises, LLC d/b/a 100 Insure, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action under the 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2.      Defendant markets itself as "help[ing] people understand the ins and outs of Medicare. More importantly, we help people just like you discover incredible benefits they are eligible for but not receiving."[1]

3.      Defendant offers insurance quotes and sells insurance to consumers.[2]

---

[1] 100insure.com/about-us/
[2] 100insure.com

1

4.     To promote its business, Defendant sends prerecorded voice messages to the cellular telephones of consumers without consent to do so.

5.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

6.     Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen of St. Lucie County, Florida.

7.     Defendant is, and at all times relevant hereto was, a Florida corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and is headquartered in St. Petersburg, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9.     Defendant is subject to general jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State and Defendant is a Florida Limited Liability Company.

10.     Venue for this action is proper in this Court because Plaintiff resides and received the Prerecorded Message in St. Lucie County, Florida.

## THE TELEPHONE CONSUMER PROTECTION ACT

2

11.     The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12.     The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

<u>FACTS</u>

16.     On or about May 26, 2021, Defendant called Plaintiff's cellular telephone number ending in 5773 (the "5773 Number") using a prerecorded voice message.

17.     When Plaintiff listened to the prerecorded message, she was easily able to determine that it was prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a

clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live humanbeing, or is instead being subjected to a prerecorded message.").

18.     Defendant's prerecorded voice calls constitutes telemarketing because the purpose of the messages was to encourage Plaintiff to obtain insurance through Defendant.

19.     Specifically, the prerecorded messages stated "Hey this is Martin with 100 Insure. I'm calling because you qualify for a Medicare benefits review. You're able to get additional coverage like dental, money for groceries and vitamins, plus other benefits you may qualify for but aren't getting yet. Please call me back anytime, Monday through Friday, 8 to 8 Eastern Time…"

20.     Plaintiff received the prerecorded message from the telephone number 727-387-0734 which upon information and belief is owned and or operated by or on behalf of Defendant.

21.     Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

22.     Plaintiff never gave Defendant her prior express written consent to call her on her cellular telephone utilizing a prerecorded voice message.

23.     Plaintiff is the sole user and/or subscriber of the 5390 Number.

24.     Defendant's unsolicited call caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to her daily life. Defendant's call rendered Plaintiff's cellular telephone inoperable for other uses while she was listening to Defendant's unsolicited message.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25.     Plaintiff brings this lawsuit as a class action on behalf of herself individually and

4

on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, promoting and/or advertising Defendant's goods and/or services.**

26.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

27.     Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

29.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for

5

damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

30.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

31.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

32.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For

6

example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### VIOLATION OF 47 U.S.C. § 227(b)
*Individually and on behalf of the Class*

35.    Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

36.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…" 47 U.S.C. § 227(b)(1)(B).

37.    Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

38.    These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

39.    Defendant has, therefore, violated § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

40.    Defendant knew that it did not have prior express consent to make these calls and

7

knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

41.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

42.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, pray for the following relief:

a.   A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.   An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

c.   An award of actual and statutory damages; and

d.   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the

8

communication or transmittal of the calls as alleged herein.

DATED: June 10, 2021

Respectfully submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**EISENBAND LAW, P.A.**
/s/Michael Eisenband
Michael Eisenband
Florida Bar No. 94235
515 E Las Olas Blvd, Ste. 120
Fort Lauderdale, FL 33301
Email: meisenband@eisenbandlaw.com
Telephone:954-533-4092

**IJH LAW**
/s/ Ignacio J. Hiraldo
Ignacio J. Hiraldo, Esq.
Florida Bar No. 0056031
1200 Brickell Ave. Suite 1950
Miami, FL 33131
IJHiraldo@IJHLaw.com
Telephone: 786-496-4469

9