UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14349-CIV-MOORE/MAYNARD

**JILLIAN RICARD,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ROB GRAHAM ENTERPRISES, LLC,** d/b/a 100 INSURE,

    Defendant,
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (DE 27)

**THIS CAUSE** is before me upon Plaintiff's Motion to Compel Discovery Responses ("Motion to Compel"). DE 27. The District Court has referred this case to me for disposition of all pretrial discovery motions pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. DE 5. I have reviewed the Motion to Compel, the Response (DE 29), the Reply[1] (DE 31) and the record in this case.[2] For the reasons detailed below, Plaintiff's Motion to Compel (DE 27) is **GRANTED**.

On June 10, 2021, Plaintiff initiated the instant lawsuit in the Nineteenth Judicial Circuit in and for St. Lucie County as a collective action under 47 U.S.C. § 227 *et seq.*, the Telephone

---

[1] The Order directing a reply noted that Defendant's Response was filed twelve days after the Motion to Compel was filed in contravention of the Discovery Procedures Order (DE 7) entered in this case. DE 30. Even so, as the Order explained, I declined to grant the Motion to Compel by default given Defendant's recent substitution of counsel. *Id.*

[2] The reviewed record includes the District Judge's Order denying Defendant's Motion to Bifurcate Discovery (DE 28). DE 35. On January 24, 2022, the District Judge determined that bifurcation was not warranted "given that class discovery has already been open for months," and "Defendant sought the bifurcation of discovery for the first time [on December 10, 2021]." *Id.*

Consumer Protection act ("TCPA"). DE 1-1 at 13. Defendant removed the action to this Court on August 24, 2021. DE 1. Plaintiff has alleged that Defendant quotes and sells insurance by marketing its ability to help consumers "understand the ins and outs of Medicare" via prerecorded voice messages to consumers' cellular telephones without consent. DE 1-1 at ¶¶2-4. Specifically, Plaintiff has alleged, among other things, that Defendant made an unauthorized voice call to her using a prerecorded voice message, which rendered her phone inoperable for other uses because she was listening to the recordings. *Id.* at ¶¶16-24.

Plaintiff's Motion to Compel, filed on December 2, 2021, seeks responses to Plaintiff's First Set of Interrogatories to Defendant (DE 27-1) consisting of 12 interrogatories, and Plaintiff's First Request for Production [("RFP)] to Defendant (DE 27-2) consisting of 20 RFPs (the "Discovery Requests"). Plaintiff contends that, after granting an extension of time for Defendant to respond, Defendant made the decision to switch counsel and has refused to respond to Plaintiff's Discovery Requests. DE 27 at 1-2. Furthermore, Plaintiff argues that it immediately requires the information because the deadline to file a motion for class certification in this case was set for February 7, 2022. DE 27 at 3; DE 21. On January 24, 2022, however, the District Judge extended the subject deadline to March 9, 2022. DE 36.

Defendant responds that its counsel, upon being retained,[3] began to collect information responsive to the Discovery Requests. DE 29 at 2-3. Defendant specifically notes that this effort began just prior to the Thanksgiving holiday and counsel's planned travel out of town on unrelated matters. *Id.* at 3. Defendant also argues that Plaintiff unreasonably conditioned a further extension to respond on Defendant's agreement to produce all class discovery. *Id.* After Defendant's newly-

---

[3] On November 23, 2021, the District Judge issued an Order authorizing Defendant to substitute its counsel. DE 26.

appointed counsel addressed the Discovery Requests with its client, counsel determined that it needed to move the Court to bifurcate discovery into two phases: (1) addressing the merits of Plaintiff's individual claim;[4] and (2) class discovery. *Id.* at 3. Therefore, on December 10, 2021, Defendant filed a motion to bifurcate discovery (DE 28), which the District Judge denied on January 24, 2022 (DE 35). In its response, Defendant argues that the Motion to Compel should be denied on two grounds: (1) because the relief in its motion to bifurcate discovery is dispositive, and (2) because it responded to the Discovery Requests. DE 29 at 4.

On December 18, 2021, pursuant to a Court Order, Plaintiff filed her Reply. (DE 31). Plaintiff replies that "Defendant has produced twenty-four (24) pages of documents related solely to Plaintiff." *Id.* at 2. Plaintiff argues that, without approval from this Court, Defendant essentially bifurcated discovery. *Id.* Plaintiff also argues that Defendant has waived objections to producing class discovery because it never sought relief from the Court to delay its response to the subject Discovery Requests, and any objections at this point would be insufficient given Defendant's complete failure to respond. *Id.* at 2-4.

According to Rule 26(b)(1):

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Thus, "[d]iscovery must not only be relevant to the claims and defenses in the case, but also must be 'proportional to the needs of the case.'" *Williams v. Sentry Data Sys.,*

---

[4] Defendant posits that Plaintiff consented to receive the telephone call at issue. DE 29 at 3; DE 29-1.

3

*Inc.*, No. 20-61466-CIV, 2021 WL 4990611, at *1 (S.D. Fla. June 23, 2021) (quoting Fed. R. Civ. P. 26(b)(1)). "The determination of what is relevant for discovery purposes depends on the parties' claims and defenses. Further, the Rules of Civil Procedure shall be 'construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* (quoting Fed. R. Civ. P. 1).

A party resisting discovery must state objections with specificity for purposes of the Court's review. *Demarzo v. Healthcare Trust of America*, No. 20-61693-CIV, 2021 WL 6693755, at *4 (S.D. Fla. Apr. 7, 2021). Stating frivolous objections is tantamount to raising no objection, and a party who thereafter fails to provide sufficient support for resisting discovery in response to a motion to compel waives objections. *See id.* (citing *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-CV-81004, 2010 WL 11505517, at *6 (S.D. Fla. Apr. 13, 2010)).

Additionally, Rule 37(a)(5) provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery. Fed. R. Civ. P. 37(a)(5). The court is required to order the payment of the moving party's expenses unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.* at 37(a)(5)(A)(ii) and (iii). Furthermore, "[a] court has wide latitude in imposing sanctions for failure to comply with discovery." *Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 667 (S.D. Fla. 2015) (citation omitted).

Here, I find that Defendant has failed to justify its lack of response to Plaintiff's propounded class discovery for the period of time over which the Discovery Requests have remained pending. Even allowing for the fact that Defendant changed counsel just preceding the Thanksgiving holiday, Plaintiff correctly argues that Defendant's pending motion to bifurcate discovery provided no justification for Defendant's lack of responsiveness to class discovery.

4

Plaintiff also correctly argues that Defendant took no action to request approval from the Court for its lack of response to Plaintiff's propounded class discovery. Defendant thus failed to sufficiently respond and object to Plaintiff's class discovery requests and thereafter failed to sufficiently support its failure to respond to the Discovery Requests when responding to Plaintiff's motion to compel. Accordingly, I find that Plaintiff's Motion to Compel should be granted. *Demarzo v. Healthcare Trust of America*, No. 20-61693-CIV, 2021 WL 6693755, at *4. Furthermore, given Defendant's lack of justification for failing to respond to Plaintiff's class discovery requests, I find that Plaintiff should be awarded its fees and costs for bringing the Motion to Compel under Fed. R. Civ. P. 37(a)(5). *See Mazpule v. Xenios Corp.*, No. 20-24393-CIV, 2021 WL 2515685, at *3 (S.D. Fla. June 19, 2021) (awarding fees and costs for a discovery motion because no objection was raised that was substantially justified).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE 27) is **GRANTED** as follows:

1. Defendants shall serve answers and responsive documents to Plaintiff's Discovery Requests **by February 14, 2022**;

2. Plaintiff is entitled to reasonable fees and costs incurred in bringing the Motion to Compel, reviewing the Response to the Motion to Compel and replying to the Response to the Motion to Compel. Plaintiff shall file an appropriate Memorandum of Attorney's Fees and Costs addressing the reasonable attorney time incurred, the reasonable hourly rate, and any specific costs or expenses incurred as set forth above **by February 9, 2022** ("Memorandum"). Plaintiff may support the hours incurred and its billing rate(s) by an Affidavit or Declaration. Should Defendant have a good faith basis to oppose the amount of attorney's fees and costs claimed by Plaintiff, then Defendant shall file

a response within 14 days of Plaintiff's filing of the Memorandum ("Response"). Plaintiff may file a reply within 7 days following Defendant's Response. The Court will thereafter determine the amount of the award of attorney's fees and costs to be paid by Defendant to Plaintiff and issue a further order thereon.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 3rd day of February, 2022.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE